# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG L. BARNES, <br><br> Petitioner, <br><br> v. <br><br> V. ALMAGER, Warden, <br><br> Respondent. | Civil No.  07-1757 J (NLS) <br><br> **ORDER:** <br><br> **(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; and** <br><br> **(2) DENYING PETITIONER'S MOTION FOR RECONSIDERATION; and** <br><br> **(3) GRANTING EXTENSION OF TIME TO FILE FIRST AMENDED PETITION** |

On September 6, 2007, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On September 27, 2007, this Court dismissed the petition without prejudice and with leave to amend because Petitioner had neither paid the $5.00 filing fee nor filed a motion to proceed in forma pauperis. (*See* Order dated Sept. 27, 2007 [doc. no. 11].)  Petitioner was given until November 13, 2007, to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee. (*Id.*)  The Court also directed Petitioner to filed a First Amended Petition on a court approved form by that date. (*Id.*)  On October 17, 2007, Petitioner filed a motion for reconsideration of this Court's dismissal order, and on October 24, 2007, he filed a motion to proceed in forma pauperis.

/ / /

### MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has submitted a prison trust account statement which shows he has $0.00 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

### MOTION FOR RECONSIDERATION

A motion for reconsideration is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School District No. 1J v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir.1993) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D.Hawaii 1987), *rev'd on other grounds* , 855 F.2d 860 (9th Cir.1988)). Petitioner has not satisfied his burden. As this Court explained to Petitioner in its September 27, 2007 Order, he must submit his claims in accordance with the Local Rules of the United States District Court for the Southern District of California. *See* Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. *Id.*; S.D.CAL. CIVLR HC.2(B). Petitioner's motion does not contain any newly discovered evidence which alters this conclusion, there has not been an intervening change of controlling law, nor has the Court committed clear error or rendered a decision which is manifestly unjust. Accordingly, Petitioner's motion for reconsideration is **DENIED.**

### EXTENSION OF TIME TO FILE FIRST AMENDED PETITION

Good cause appearing, the Court **GRANTS** Petitioner an extension of time within which to file a First Amended Petition. If Petitioner wishes to proceed with this case he must, **no later**

/ / /

/ / /

than **March 3, 2008**, submit a First Amended Petition.  **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK FIRST AMENDED PETITION FORM.**

**IT IS SO ORDERED.**

DATED:  February 8, 2008

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge