UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG L. BARNES,<br><br>             Petitioner,<br><br>     v.<br><br>V. ALMAGER, Warden,<br><br>             Respondent. | Civil No.   07cv1757 J (NLS)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO AMEND PETITION;**<br><br>**(2)  DENYING MOTION TO DETERMINE PROPER JURISDICTION;**<br><br>**(3)  DISMISSING CASE WITHOUT PREJUDICE; AND**<br><br>**(4)  DIRECTING CLERK TO FILE COPY OF PROPOSED AMENDED PETITION AS AN ORIGINAL PETITION IN A NEW CIVIL ACTION** |

On September 6, 2007, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner subsequently filed a "Quite Title," a "Declaration of Citizenship," a "Common Law Affidavit," and a "Motion for the Determination of Jurisdiction and Authority." (Doc. Nos. 4, 6, 8 & 10.)

On September 27, 2007, the Court dismissed this case because Petitioner had failed to satisfy the filing fee requirement and had failed to present his Petition on a court-approved form in accordance with the requirement of the Local Rules of the Southern District of California. (Doc. No. 11.) Petitioner was instructed that if he wished to proceed with this action he was

required to satisfy the filing fee and file a First Amended Petition on a court-approved form on or before November 13, 2007.

On October 17, 2007, Petitioner filed a Motion for Reconsideration of the Court's September 27, 2007 Order, and on October 24, 2007, filed a Motion for Leave to Proceed In Forma Pauparis. (Doc. No. 14.) On February 8, 2008, the Court granted Petitioner's Motion to Proceed In Forma Pauperis, denied his Motion for Reconsideration and granted Petitioner an extension of time to file his amended petition. (Doc. No. 15.) Petitioner was instructed that if he wished to proceed with this action he was required to file a First Amended Petition on a court-approved form on or before March 3, 2008.

On March 18, 2008, Petitioner filed a Motion for Leave to File a First Amended Petition, which included a proposed First Amended Petition, and a Motion to Stay the Proceedings and Hold the First Amended Petition in Abeyance while he exhausts state court remedies. (Doc. Nos. 17-19.) On March 28, 2008, the Court denied Petitioner's Motion for Leave to File a First Amended Petition as moot because Petitioner had an absolute right to file an amended petition prior to the filing of a responsive pleading. See Fed.R.Civ.P. 15(a)(1). The Court also dismissed the First Amended Petition because it was once again not on a court-approved form. Rather, Petitioner submitted what appeared to be a copy of the state habeas petition he had recently filed in the state supreme court, and requested this Court to stay this action while he awaits resolution of his claims by the state courts. (See 3/28/08 Order at 2.)

The Court also denied Petitioner's Motion for Stay because Petitioner had not established good cause for his delay in exhausting his claims, and because he had failed to identify any exhausted claims in the First Amended Petition. Rather, the First Amended Petition appeared to be a copy of the state exhaustion petition filed by Petitioner, and appeared to contain all of the claims Petitioner intends to raise in this Court. Because Petitioner had been sent two blank Southern District of California Amended Petition forms, one with each previous Order of dismissal, but continued to disobey this Court's Orders and its Local Rules requiring him to use those forms, and because Petitioner had failed to identify any exhausted claims he wished to present in this Court, and instead presented only unexhausted claims in the First Amended

1  Petition, the Court denied his motion to stay and dismissed this action.  See Jiminez v. Rice, 276
2  F.3d 476, 481 (9th Cir. 2001) (holding that district courts must dismiss habeas petitions which
3  contain only unexhausted claims).  Because it was clear that Petitioner did not intend to comply
4  with this Court's Orders or with the Court's Local Rules requiring the use of a court-approved
5  form, and because Petitioner had not identified any exhausted claims, the Court dismissed this
6  action without further leave to amend.  The dismissal was, however, without prejudice to
7  Petitioner presenting his claims in a separate habeas case once he exhausts his state court
8  remedies, which Petitioner was informed would be given a separate civil number.

9  Petitioner has now filed a Motion to Amend and has submitted a proposed First Amended
10 Petition on a court-approved form, and has filed a Motion to Determine Proper Jurisdiction.
11 (Doc. Nos. 23-24.)  Because this action was dismissed without further leave to amend,
12 Petitioner's Motion to Amend and Motion to Determine Proper Jurisdiction are **DENIED**, and
13 this action is **DISMISSED** without prejudice.  The Clerk of Court is **DIRECTED** to file a copy
14 of the proposed First Amended Petition in this action as an Original Petition for a Writ of Habeas
15 Corpus by a person in state custody pursuant to 28 U.S.C. § 2254 to be given a new civil case
16 number.

17 **IT IS SO ORDERED.**

19 DATED:  April 28, 2008

    HON. NAPOLEON A. JONES, JR.
    United States District Judge

22 CC: All Parties of Record